IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **M&L Restaurant Group, LLC, M&L Tarpon Springs LLC, and M&L Largo, LLC,** | |
| Plaintiffs, | **Case No.** |
| | **Jury Trial Demanded** |
| v. | |
| **Atif Hospitality Concepts, LLC, and Atif Hussain, an individual,** | |
| Defendants. | |

## COMPLAINT

Plaintiffs, M&L Restaurant Group, LLC, ("GROUP"), M&L Tarpon Springs, LLC, ("TARPON"), and M&L Largo LLC, ("LARGO"), sue Defendants Atif Hospitality Concepts, LLC, ("AHC"), and Atif Hussain ("Hussain"), an individual, and allege:

## THE PARTIES

1.    GROUP is a Florida limited liability company with a principal place of business at 40737 U.S. Hwy 19 North, Tarpon Springs, Florida 34689.

2.    TARPON is a Florida limited liability company with a principal place of business at 40737 U.S. Hwy 19 North, Tarpon Springs, Florida 34689.

3.     LARGO is a Florida limited liability company with a principal place of business at 2480 East Bay Drive, Largo, Florida 33771.

4.     GROUP is the parent entity of LARGO and TARPON, who are the contracting parties to the franchise agreements sued upon in this action.

5.     Defendant AHC is a Wyoming limited liability company with a Florida principal place of business at 13563 Icot Blvd., Clearwater, Florida 33760.

6.     Defendant Hussain is an individual residing in Pakistan.

### CAUSE OF ACTION - JURISDICTION AND VENUE

7.     This is an action for: (a) cancellation of United States Trademark Registration No. 1,554,842 for the mark *Mugs 'N Jugs* (the " '842 Registration"); (b) declaratory relief for invalidity and unenforceability of two Florida franchise agreements; (c) declaratory relief for a finding of fraud in the inducement by Defendant AHC in connection with the Florida franchise agreements; and (d) compensatory damages.

8.     Subject-matter jurisdiction is proper pursuant to 15 U.S.C. §§ 1119 and 1121, as well as 28 U.S.C. §§ 1331 and 2201–2202.

9.     Supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

10.    Personal jurisdiction over Defendant AHC is proper because AHC has its principal place of business in this district.

11.    Personal jurisdiction over Defendant Hussain is proper because he has previously submitted to this Court's jurisdiction.

12.    Venue is proper pursuant to 28 USC §§ 1391(b)(2) and (c)(2)–(3) because AHC conducts business in this district and Hussain resides outside the United States.

## FACTUAL ALLEGATIONS

13.     TARPON and Defendant AHC executed a Franchise Agreement for a restaurant in Tarpon Springs, Florida, a copy of which is attached as Exhibit A.

14.     LARGO and Defendant AHC executed a Franchise Agreement for a restaurant in Largo, Florida, a copy of which is attached as Exhibit B.

15.     The Franchise Agreements are for restaurant businesses rendering services under the trademark *Mugs N Jugs* (the "Franchise Agreements").

16.     Plaintiffs TARPON and LARGO paid AHC more than $130,000.00 in purported fees and royalties under the Franchise Agreements.

17.     The *Mugs N Jugs* trademark and '842 Registration are the subject of the Chapter 7 Bankruptcy in proceeding No. 8:16-bk-02617-KRM pending the Federal District Court for the Middle District of Florida ("BK Proceeding").

18.     The Trustee in the BK Proceeding initiated Adversarial Proceedings against Defendants ("Adversarial Proceedings").

19.      The Adversarial Proceedings are pending and a purported settlement was reached between the Trustee and Defendants herein ("Settlement Agreement"). The Trustee in the BK Proceeding moved the court to approve the Settlement Agreement.  See docket entries 47 and 47-2 of the BK Proceeding.

20.     In the Settlement Agreement, Defendants admitted to committing fraud concerning the ownership and assignment of Trademark Registration 1,554,842.

21.     Defendants defrauded TARPON and LARGO when entering into the franchise agreements by representing that Defendant AHC owned Trademark Registration No. 1,554,842 for *Mugs 'N Jugs*.

22.     AHC did not – and does not – own the '842 Registration.  Plaintiffs were fraudulently induced into executing the franchise agreements believing that AHC owned the '842 Registration.

23.     On July 13, 2017, GROUP filed for a trademark registration for *Mugs 'N Jugs* for use by its wholly owned subsidiaries, TARPON and LARGO.

**FIRST CLAIM FOR RELIEF**

**Cancellation of U.S. Trademark Registration No. 1,554,842**

24.     GROUP incorporates by this reference all allegations above.

25.     Trademark Registration No. 1,554,842 should be cancelled pursuant to 15 U.S.C. § 1064, for abandonment and fraud on the Trademark Office.

26.     Plaintiff is damaged by the continued registration of the '842 Registration for the mark *Mugs 'N Jugs* because the '842 Registration is not owned by AHC and has been abandoned.

27.     According to the assignment filed in the official records of the Trademark Office, the '842 Registration is owned by Defendant Hussain personally, an individual with a principal address identified in Trademark Office records as 13563 Icot Blvd., Clearwater, FL 33762.  Hussain resides in Pakistan.

28.     The official records of the Trademark Office erroneously identify AHC as the last listed owner of the '842 Registration.

29.     AHC is not and never has been the owner of the '842 Registration.  AHC is identified in the Trademark Office records as owner of the '842 Registration solely because Defendant Hussain incorrectly filled out the trademark assignment recordation sheet.

30.     Plaintiff seeks cancellation of the '842 Registration pursuant to

4

Section 14 of the Trademark Act, 15 U.S.C. § 1064, on the ground that Defendants abandoned the Mark shown in the '842 Registration.

31.     According to the official records of the Trademark Office, the application resulting in the '842 Registration was filed on December 12, 1988, by Mugs 'N Jugs, Inc., a Florida corporation.

32.     According to the official records of the Trademark Office, Mugs 'N Jugs, Inc. assigned the '842 Registration to IDM II, Inc., a Florida corporation, on or about December 13, 2002, and recorded the assignment with the Trademark Office on January 28, 2003.

33.     According to the official records of the Trademark Office, IDM II, Inc. assigned the '842 Registration to Mugs N Jugs Restaurants, LLC, a Florida limited liability company, on or about May 13, 2008, and recorded the assignment with the Trademark Office on August 14, 2008.

34.     According to the official records of the Trademark Office, Mugs N Jugs Restaurant, LLC assigned the '842 Registration to Mugs N Jugs Franchise, LLC, a Florida limited liability company, on or about January 15, 2011, and recorded the assignment with the Trademark Office on October 12, 2014.

35.     The recordation sheet accompanying the Mugs N Jugs Franchise assignment incorrectly identifies assignor Mugs N Jugs Restaurant, LLC as a corporation, and incorrectly identifies assignee Mugs N Jugs Franchise, LLC as a corporation.

36.     According to the official records of the Trademark Office, Mugs N Jugs Franchise, LLC, assigned the '842 Registration to Hussain in an assignment dated December 27, 2014, and Hussain personally recorded the assignment with the Trademark Office on June 21, 2015 (the "Hussain Assignment").

5

37.    The recordation sheet filed along with the Hussain Assignment incorrectly identifies AHC as the assignee of the '842 Registration.

38.    Defendant AHC never owned the '842 Registration.

39.    Defendant Hussain does not reside in the United States, and personally operates no business in the United States.

40.    For at least the preceding three consecutive years, Defendant Hussain has not personally operated any restaurant nor sold any clothing under the mark identified in the '842 Registration.

41.    Defendant Hussain abandoned the mark and '842 Registration with the intent not to resume use.

42.    For at least the preceding three consecutive years, Defendant AHC has failed to use, and/or discontinued use of, the mark identified in the '842 Registration by permitting rights to the mark identified in the '842 Registration to be assigned to Hussain.

43.    Defendant AHC intended to not use, or to discontinue use of, the mark identified in the '842 Registration by permitting rights to the mark identified in the '842 Registration to be fraudulently assigned to Defendant Hussain.

44.    The aforementioned assignments are invalid assignments in gross.

45.    The aforementioned assignments in gross constitute abandonment of the '842 Registration with the intent not to resume use.

46.    The aforementioned assignments were executed and filed with the Trademark Office as part of a scheme by Defendants to defraud the Trademark Office, the creditors in the BK Proceeding, and Plaintiffs.

47.    Defendant AHC did not own the '842 Registration when it licensed the *Mugs N Jugs* trademark to Plaintiffs in the franchise agreements.

48.     Defendants are not currently using the mark shown in the '842 Registration.

49.     Defendants failed to use, and/or discontinued use of, the mark shown in the '842 Registration for a period of more than three consecutive years, with no intention to resume use.

50.     Upon information and belief, for at least the preceding three consecutive years, Defendants and their predecessors in interest have not used the mark as shown in the '842 Registration in connection with restaurant services or clothing, thereby constituting prima facie evidence of abandonment of the mark shown in the '842 Registration.

51.     Defendants failed to use, and/or discontinued use of, the mark shown in the '842 Registration for a period of less than three years with an intent not to resume such use.

52.     Defendants have abandoned the mark shown in '842 Registration pursuant to 15 U.S.C. § 1127.

53.     Plaintiff GROUP, individually and through its wholly owned subsidiaries TARPON and LARGO, actually uses the *Mugs N Jugs* mark in commerce for restaurant services, clothing, and sauces, and is damaged by the continued registration of the '842 Registration.

54.     Defendants committed fraud on the Trademark Office by intentionally filing fraudulent assignments of the '842 Registration to unlawfully avoid creditors in the BK Proceeding.

55.     Fraud on the Trademark Office occurs when a registrant makes false, material representations of fact in connection with a trademark registration with the intent to deceive the U.S. Patent and Trademark Office. *Nationstar*

*Mortgage LLC v. Ahmad,* Opp. No. 91177036, --- U.S.P.Q.2d --- (T.T.A.B. 2014).

56.     Defendants' fraud on the Trademark Office caused damages to Plaintiffs.

57.     The '842 Registration should be cancelled for abandonment and fraud.

**SECOND CLAIM FOR RELIEF**

**Fraud in the Inducement of the Franchise Agreements**

58.     Plaintiffs TARPON and LARGO incorporate by reference the allegations above.

59.     This is a claim under the common law of the State of Florida for fraud in the inducement against Defendants.

60.     Defendant AHC led Plaintiffs to believe that it owned the *Mugs N Jugs* trademark, that the Franchise Agreements were valid instead of fraudulent, complied with state and federal law, and were premised upon a valid trademark registration, namely the '842 Registration and Trademark Registration No. 3,660,458 for *Mugs N Jugs* and a logo.[1]

61.     Defendant AHC made a false statement of fact to both Plaintiffs that AHC had rights in the '842 Registration and *Mugs N Jugs* trademark.

62.     Defendant AHC knew that it possessed no rights in the '842 Registration and *Mugs N Jugs* trademark when it negotiated and executed the Franchise Agreements.

63.     Defendant AHC by making the statements intended to induce Plaintiffs into believing that AHC possessed rights in the '842 Registration and *Mugs N*

---

[1] The '458 Trademark Registration was cancelled by the Trademark Office on March 4, 2016, because a Section 8 Renewal declaration was not filed.  See 15 U.S.C. § 1058.

8

*Jugs* trademark and that the representation would induce Plaintiffs to act upon them.

64.     Plaintiffs relied on Defendant AHC's misrepresentations concerning ownership of the '842 Registration and *Mugs N Jugs* trademark and have been damaged.

65.     At the time Plaintiffs entered into the Franchise Agreements, Defendant AHC did not own the '842 Registration.  Defendant Hussain executed a fraudulent assignment transferring the '842 Registration to himself personally for the sole purpose of unlawfully avoiding creditors in the BK proceeding.

66.     The Franchise Agreements executed by Plaintiffs were not a contract for a franchise, but a ruse to unlawfully obtain money from Plaintiffs.

67.      Plaintiffs relied on the representations of Defendant AHC that the Franchise Agreements included rights to a valid trademark registration and trademark, namely *Mugs N Jugs*.

68.     Plaintiffs would never have signed the Franchise Agreements except for the misrepresentation of Defendant AHC that it owned the *Mugs N Jugs* trademark and '842 Registration. Based on Defendants' fraud in the inducement, Defendant AHC obtained $130,000 from Plaintiffs.

69.     Plaintiffs justifiably relied on the false statements to their detriment and have suffered injury to their goodwill as well as monetary damages.

70.     Because Plaintiffs were defrauded by Defendants, the Franchise Agreements are invalid, unenforceable, and voidable.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment that the Franchise Agreements
*are Voidable and Unenforceable*

71.    TARPON and LARGO incorporate by reference the allegations above.

72.    Fraud in the inducement occurred when Plaintiffs executed the
Franchise Agreements, believing that Defendant AHC owned the '842
Registration and *Mugs N Jugs* trademark, that AHC had the rights to license
the *Mugs N Jugs* trademark under the '842 Registration, when in fact no such
right existed.

73.    Defendant AHC knew that it had no lawful rights in the '842
Registration and *Mugs N Jugs* trademark and despite this actual knowledge
unlawfully induced Plaintiffs to execute the Franchise Agreements believing
that AHC did in fact own all right, title, and interest in the '842 Registration
and *Mugs N Jugs* trademark.

74.    Plaintiffs seek a declaratory judgment finding that the Franchise
Agreements are invalid, unenforceable, and voidable.

75.    Plaintiffs seek a declaratory judgment finding that Plaintiffs should be
compensated by return of all moneys paid to Defendant AHC in connection
with the Franchise Agreements.

76.    By reason of the foregoing, Plaintiffs seek a declaratory judgment finding
that the Franchise Agreements are invalid, unenforceable, and voidable by
Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A.  Cancellation of the '842 Registration;

B.  Declaratory judgment that the Franchise Agreements are invalid, unenforceable, and voidable as a result of the fraud perpetuated by Defendants;

C.  Declaratory judgment finding that Defendants defrauded Plaintiff by misrepresenting the ownership of the *Mugs N Jugs* trademark and '842 Registration, and executing the fraudulent Franchise Agreements knowing that the '842 Registration was fraudulently assigned and therefore invalid;

D.  Compensatory damages represented by the return of all moneys paid by Plaintiffs to Defendant AHC in connection with the Franchise Agreements;

E.  Attorney fees and costs for bringing this action;

F.  Special damages for fraud knowingly committed by Defendants;

G.  Pre-judgment and post-judgment interest on the compensatory damages; and

H.   Any further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, M&L Restaurant Group, LLC, M&L Tarpon Springs LLC, and M&L Largo, LLC, demand a trial by jury of all matters so triable.

s/ *H. William Larson*

H. William Larson, Esq.
Fla. Bar # 969930
bill@larsonpatentlaw.com

Larson & Larson, P.A.
11199 69th Street
Largo, FL 33773
(727)-546-0660 tele
(727) 213-6922 fax
Trial Counsel for Plaintiffs